**SIMS, Petitioner, v. ALVIS, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4455.    Decided June 21, 1950.

Julius D. Sims, petitioner for himself.

Hon. Herbert S. Duffy, Atty. Genl., Alan E. Schwarzwalder, Asst. Atty Genl., Columbus, for respondents.

## OPINION

By MILLER, PJ.

This is an action in habeas corpus in which the record discloses that the petitioner was sentenced to the Ohio Penitentiary for a term of one to seven years on a charge of grand larceny, being case No. 29187 in the Court of Common Pleas for Franklin County. Subsequent thereto he was indicted, charged with being a habitual criminal. He was convicted on this charge and sentenced to the Ohio Penitentiary as follows: "* * * until legally discharged * * * committed for rest of his natural life, sentence concurrent with that in case No. 29187." As a result of the above proceedings the petitioner is now serving two sentences, the first being one to seven years for grand larceny, and the second being a life sentence under the Habitual Criminal Act.

The record discloses further that one of the offenses committed by the petitioner as charged in the indictment for being a habitual criminal was committed in 1927, which was prior to the enactment of the Habitual Criminal Act, §13477-4 GC. The petitioner is contending that under this state of

facts the law is retroactive and unconstitutional. This question, however, has been definitely decided in the case of **Blackburn v. The State, 50 Oh St 428.** At page 438 the Court says:

"A law cannot properly be considered retroactive when it apprises one who has established, by previous unlawful acts, a criminal character, that if he perpetrates further crimes, ■ the penalty denounced by the law will be heavier than upon one less hardened in crime. In such case the party is informed before he commits the subsequent offense of the full measure of the liability he will incur by its perpetration, and therefore does not fall within the class that is entitled to the protection afforded by the constitutional guaranty against the enactment of ex post facto, or retroactive laws, for the object sought by those guaranties, in respect to this kind of legislation, is that no transgressor of a penal statute, shall be subjected by subsequent legislation, to any penalty, liability or consequence, that was not attached to the transgression when it occurred."

The next question for consideration is whether the sentence under the Habitual Criminal Act is void since the sentence in No. 29187 was not vacated in accordance with §13744-3 GC. This question has also been disposed of in the case of **State, ex rel. Drexel v. Alvis, Warden, 153 Oh St 244,** wherein the Court held that such a sentence may be voidable but it may not be attacked by habeas corpus as a substitute for appeal. Citing **Ex parte Shaw, 7 Oh St, 81, 70 Am. Dec. 55; Ex parte Hagan, 25 Oh St, 426; In re Allen, 91 Oh St, 315, 110 N. E. 535.** The petitioner's conclusion that he is now serving only one legal sentence, to wit, No. 29187, is not correct. The sentence under the Habitual Criminal Act being only voidable, in its most favorable aspect to the petitioner, must be considered legal until found to be otherwise. It can be declared void only upon the proper legal steps being taken, which is not habeas corpus. As the Court stated in the Drexel case, supra, even though the latter sentence were void the petitioner is still not being unlawfully restrained of his liberty because he is still lawfully committed under the grand larceny conviction.

The application will be denied.

HORNBECK and WISEMAN, JJ, concur