THE STATE OF OHIO *v.* WILES.

(No. 45989—Decided August 25, 1969.)

Common Pleas Court of Franklin County.

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. Edward F. Pelteson,* for plaintiff.
*Messrs. Tyack, Scott & Colley* and *Mr. Paul Scott,* for defendant.

STERN, J. The defendant was indicted on a charge of carrying a concealed weapon (a gun) and having pre-

viously (in 1958) been convicted of a charge of burglary.

In order to determine the specific issue raised, it is necessary to set forth the applicable dates of events pertaining in this case:

(1) On December 11, 1958, the defendant was convicted of a felony, to wit, burglary under Section 2907.10, Revised Code.

(2) On November 24, 1967, Amended Section 2923.01, Revised Code, became effective by providing in part that whoever violates the section having previously been convicted of or pleading guilty to burglary shall be guilty of a felony.

(3) On August 22, 1968, the defendant was charged with carrying a concealed weapon on that date.

The defendant admits carrying a concealed weapon on the date in question, and admits the burglary conviction in 1958.

Defendant contends that Section 2923.01, Revised Code, as amended in 1967, is unconstitutional because it specifies a penalty for a conviction of a felony prior to the effective date of the amendment.

Retrospective laws are generally defined as those which took away or impaired vested rights acquired under existing laws, or created a new obligation, imposed a new duty, or attached a new disability in respect to transactions or consideration already past. 16 American Jurisprudence 2d, Constitutional Law, Section 413 *et seq.*

The amendment in 1967 to the concealed weapon statute did not take away or impair any vested rights as to the 1958 burglary charge. A reading of the amendment adopted by the Legislature in Section 2923.01, Revised Code, states, "whoever * * * previously been convicted of or pleaded guilty to the commission" of crimes enumerated therein. The amendment makes it a felony to be convicted of carrying a concealed weapon if one was convicted of one of the enumerated felonies prior to the effective date of the amended statute.

In the amended statute one who is convicted of carrying concealed weapons if there is no prior conviction of a

felony as enumerated in the statute is guilty of a misdemeanor.

In *Blackburn* v. *State* (1893), 50 Ohio St. 428, the court held that charging a person with an additional penalty for violation of an existing crime is not a violation of the constitutional prohibition against the enactment of "ex post facto" laws even if there was a conviction of a previous felony before the statute in question was enacted. The Supreme Court's reasoning is clearly stated on page 438 of the opinion:

"A law cannot properly be considered retroactive when it apprises one who has established, by previous unlawful acts, a criminal character, that if he perpetrates further crimes, the penalty denounced by the law will be heavier than upon one less hardened in crime."

The principle stated in *Blackburn* was followed in *Sims* v. *Alvis* (1950), 59 Ohio Law Abs. 65.

The ruling on the specific question raised in this case is discussed in *Barbieri* v. *Morris* (Mo., 1958), 315 S. W. 2d 711, 714:

"(A) 'statute is not retrospective because it merely relates to prior facts or transactions but does not change their legal effect, or because some of the requisites for its action are drawn from a time antecedent to its passage, or because it fixes the status of a person for purpose of its operation.' It is said to be retroactive 'only when it is applied to rights acquired prior to its enactment.'"

The defendant is not entitled to the protection afforded by the constitutional guaranty against the enactment of retroactive laws, because the subsequent legislation did not alter the elements of the crime of carrying concealed weapons.

The amendment provides only that violation of the statutes by previously convicted felons is to be considered a felony, otherwise it is a misdemeanor.

*Motion to dismiss overruled.*